UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ELIZA BRODBELT, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MARTIN J. O'MALLEY, )<br>Commissioner of Social Security, )<br>)<br>Defendant. ) | Case No. 3:23-CV-570-HAB |

**OPINION AND ORDER**

This matter comes before the Court on Plaintiff Eliza Brodbelt's ("Brodbelt") appeal of the Social Security Administration's Decision dated April 28, 2022 (the "Decision") which found that Brodbelt was not disabled and not entitled to disability benefits. The parties have briefed the appeal. After considering the briefing and the administrative record, the Court finds, for the following reasons, that the Decision must be affirmed.

**ANALYSIS**

*Standard of Review*

A claimant who is found to be "not disabled" may challenge the Commissioner's final decision in federal court. This Court must affirm the ALJ's decision if it is supported by substantial evidence and free from legal error. 42 U.S.C. § 405(g); *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002). Substantial evidence is "more than a mere scintilla of proof." *Kepple v. Massanari*, 268 F.3d 513, 516 (7th Cir. 2001). It means "evidence a reasonable person would accept as adequate to support the decision." *Murphy v. Astrue*, 496 F.3d 630, 633 (7th Cir. 2007); *see also Diaz v. Chater*, 55 F.3d 300, 305 (7th Cir. 1995) (substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.") (citation and quotations

omitted). In determining whether there is substantial evidence, the Court reviews the entire record. *Kepple*, 268 F.3d at 516. However, review is deferential. *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). A reviewing court will not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [its] own judgment for that of the Commissioner." *Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003) (quoting *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000)). Nonetheless, if, after a "critical review of the evidence," the ALJ's decision "lacks evidentiary support or an adequate discussion of the issues," this Court will not affirm it. *Lopez*, 336 F.3d at 539 (citations omitted).

While the ALJ need not discuss every piece of evidence in the record, he "must build an accurate and logical bridge from the evidence to [the] conclusion." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). Further, the ALJ "may not select and discuss only that evidence that favors his ultimate conclusion," *Diaz*, 55 F.3d at 308, but "must confront the evidence that does not support his conclusion and explain why it was rejected," *Indoranto v. Barnhart*, 374 F.3d 470, 474 (7th Cir. 2004). Ultimately, the ALJ must "sufficiently articulate his assessment of the evidence to assure" the court that he "considered the important evidence" and to enable the court "to trace the path of the ALJ's reasoning." *Carlson v. Shalala*, 999 F.2d 180, 181 (7th Cir. 1993) (quoting *Stephens v. Heckler*, 766 F.2d 284, 287 (7th Cir. 1985) (internal quotation marks omitted)).

***Procedural Background***

Brodbelt filed applications for benefits on March 5, 2021, alleging disability beginning May 10, 2020. The claim was denied initially and on reconsideration. On April 12, 2022, the parties participated in a hearing before an ALJ. The ALJ issued an unfavorable decision on April 28, 2022. (R. 23-34). This appeal followed.

*The ALJ's Decision*

A person suffering from a disability that renders him unable to work may apply to the Social Security Administration for disability benefits. *See* 42 U.S.C. § 423(d)(1)(A) (defining disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months"). To be found disabled, a claimant must demonstrate that her physical or mental limitations prevent her from doing not only her previous work, but also any other kind of gainful employment that exists in the national economy, considering her age, education, and work experience. § 423(d)(2)(A). If a claimant's application is denied initially and on reconsideration, she may request a hearing before an ALJ. *See* 42 U.S.C. § 405(b)(1).

An ALJ conducts a five-step inquiry in deciding whether to grant or deny benefits: (1) whether the claimant is currently employed, (2) whether the claimant has a severe impairment, (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling, (4) if the claimant does not have a conclusively disabling impairment, whether he has the residual functional capacity to perform his past relevant work, and (5) whether the claimant is capable of performing any work in the national economy. *See* 20 C.F.R. § 404.1520(a*); Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001). If step four is answered in the affirmative, the inquiry stops and the claimant is found to be not disabled. If step four is answered in the negative, the ALJ proceeds to step five.

Here, at step one, the ALJ found that Brodbelt did not engage in substantial gainful activity since May 10, 2020, the alleged onset date. At step two, the ALJ determined that Brodbelt had the following severe impairments: fibromyalgia, polyarthritis, asthma, mild degenerative disc disease

of the cervical and lumbar spine, major depressive disorder, and generalized anxiety disorder. (R. 25). The ALJ further found that Brodbelt had the following non-severe impairments: hypertension, GERD, mild obstructive sleep apnea, left fibula fracture, irritable bowel syndrome, and obesity. (R. 26).

At step three, the ALJ found that Brodbelt did not have "an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526)". (R. 26). At step four, the ALJ found that Brodbelt had the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b), as the claimant can lift, carry, push, and/or pull 20 pounds occasionally and 10 pounds frequently; sit for 6 hours in an 8-hour workday; and stand and/or walk for 6 hours each in an 8-hour workday. The claimant can occasionally climb ramps and stairs but never climb ladders, ropes, or scaffolds; frequently balance; and occasionally stoop, kneel, crouch, and crawl. The claimant can never work at unprotected heights or around moving mechanical parts. The claimant can have no concentrated exposure to humidity; dust, odors, fumes, and pulmonary irritants; and extreme cold/heat. The claimant can understand, remember, and carryout detailed, but not, complex tasks. The claimant can have occasional, brief, and superficial contact with supervisors and coworkers.

(R. 28).

Also at step four, the ALJ found that Brodbelt is unable to perform any past relevant work. (R. 32). However, at step five, the ALJ found that there are jobs that exist in significant numbers in the national economy that Brodbelt can perform. (R. 33). Thus, the ALJ ruled that Brodbelt was not disabled, as defined in the Social Security Act. (R. 33).

***The ALJ's Evaluation of Dr. Stillson's Opinion***

Dr. Stillson is Brodbelt's family doctor and has treated her since 2019. On March 24, 2022,

Dr. Stillson completed a medical opinion wherein he noted that Brodbelt had been diagnosed with IBS, depression, anxiety, rheumatoid arthritis, post-traumatic stress disorder, fibromyalgia, biliary dyskinesia, and poor memory and concentration. (R. 1284). Dr. Stillson opined that Brodbelt would be off task more than 25% of a workday, would need a break after 30 minutes of concentration, and would have more than four absences per month. (R. 1284). Dr. Stillson further opined that Brodbelt could only perform light lifting and carrying, could sit for no more than three hours per day, could walk only two hours per day, could rarely use foot controls bilaterally, could only occasionally reach in all directions, could only occasionally push and pull, could frequently handle and finger bilaterally, could only rarely balance, stoop, or crawl, could never kneel or crouch, could frequently rotate head and/or neck, could not be exposed to extreme heat or cold, and could only occasionally be exposed to dusts, odors, fumes, or pulmonary irritants. (R. 1285-87).

      The ALJ did not find Dr. Stillson's opinion to be persuasive and stated:

> The claimant's provider, Dr. Stillson, completed an opinion finding that the claimant can perform less than sedentary work and can occasionally use her left upper extremity. Dr. Stillson noted that the claimant would miss more than 4 days of work a month (Exhibit 24F). The undersigned does not find the opinion of Dr. Stillson to be persuasive, as it is not consistent with or supported by the record. The undersigned notes that the claimant only saw Dr. Stillson once in May 2020 since her alleged onset date (Exhibit 3F/9-14). The claimant further had moderate improvement in her pain with the medication (Exhibits 6F/8-9, 18F).

(R. 31-32).

Brodbelt argues that the ALJ failed to properly articulate how persuasive he found Dr. Stillson's opinion, noting that the regulations require the ALJ to discuss the supportability and consistency of the opinion. 20 C.F.R. § 404.1520c(b). While the paragraph quoted above does not meet the requirements on its own, the Commissioner correctly points out that the ALJ discussed the

5

medical record in depth a bit earlier in the Decision. With respect to Brodbelt's physical impairments, the ALJ discussed the findings of rheumatologist Dr. Anil Rao, and NP Erin Duff. (R. 29). Dr. Rao found that Brodbelt had no active synovitis and had only minimal tenderness in her hands and spine. Dr. Rao also found that Brodbelt had multiple trigger points consistent with fibromyalgia. The ALJ also mentioned that Brodbelt had seen a pulmonologist and that a Pulmonary Function Test showed restrictive disease. However, when Brodbelt saw Erin Duff, FNP, she acknowledged that her breathing had improved and that she used her inhaler very infrequently. Additionally, the ALJ noted that Dr. Rao found that Brodbelt had tenderness in her hips with full range of motion, but that her rheumatoid factor and ANA were negative. Brodbelt was recommended to go to therapy. A later visit to Nurse Duff found Brodbelt had slightly diminished breath sounds, but no wheezing, and Brodbelt felt that her breathing had not declined. The ALJ also discussed the consultative exam with Dr. Gupta in June of 2021. Dr. Gupta indicated that Brodbelt had clear breath sounds, intact grip strength with good fine finger manipulation, normal gait, strength, and sensation. Brodbelt was able to stoop and squat without any issues. (R. 29, 717-18, 1060-63, 1107-08).

With respect to Brodbelt's mental impairments, the ALJ discussed the opinion of Dr. Alan Wax, Ph.D., a consultative psychological examiner. Brodbelt scored average on the WMS-IV memory test, other than visual reproduction, which fell in the borderline range. The ALJ also noted that Brodbelt was treated by Angela Semonis, NP, for anxiety and depression, and that her symptoms were controlled with medication and that she reported feeling okay. Likewise when Brodbelt saw Kimberly Mendez, FNP, she indicated that she was doing well overall and it was noted that Brodbelt's depression and anxiety were improved. Additionally, the ALJ recited that Brodbelt also saw Angela Romano, NP, who reported that Wellbutrin was helping with Brodbelt's

ability to focus.  Later, Brodbelt told NP Romano hat her depression and anxiety were managed. (R. 29-30; Ex. 1F; Ex. 9F at 113-16, 117-120, Ex. 4F at 79-83).

Clearly, then, considering the Decision as a whole, this Court is able to trace the ALJ's reasoning with respect to the weight given to Dr. Stillson's opinion and can discern why he found Dr. Stillson's opinion to not be supported by or consistent with the medical evidence in this case. Nothing more is required.  *Villano v. Astrue*, 556 F.3d 558, 562 (7th Cir. 2009).  Essentially, Brodbelt disagrees with the ALJ's weighing of the evidence, and this Court does not re-weigh the evidence, but only looks to see if the Decision is supported by substantial evidence.  *Burmester v. Berryhill*, 920 F.3d 507, 510-11 (7th Cir. 2019). As substantial evidence supports the Decision, it must be affirmed.

## CONCLUSION

For the reasons set forth above, the Defendant's Decision is AFFIRMED.  The Clerk is directed to enter judgment in favor of Defendant and against Plaintiff.

SO ORDERED on March 11, 2024.

/s/ Holly A. Brady
HOLLY A. BRADY, CHIEF JUDGE
UNITED STATES DISTRICT COURT